**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Terry Freitas, et al., / | NO. C 11-05967 JW<br>NO. C 12-00343 LB<br>NO. C 12-00344 NC<br>NO. C 12-00346 MEJ<br>NO. C 12-00347 LB |
| Henry D. Witthauer, et al., / | |
| Wendell Rice, et al., / | **ORDER GRANTING MOTION TO RELATE; STAYING CASES** |
| Tenessia Posey, et al., / | |
| Mary Keene, et al., | |
| Plaintiffs, / | |
| v. | |
| McKesson Corp., et al., | |
| Defendants. / | |

Presently before the Court is Defendant Eli Lilly and Company's ("Eli Lilly") Motion to Relate.[1] Defendant Eli Lilly contends that this case should be related to four other cases[2] removed to

---

[1] (Defendant Eli Lilly and Company, a Corporation's Administrative Motion to Consider Whether Cases Should Be Related; Request to Stay Cases If Related, hereafter, "Motion to Relate," Docket Item No. 27.)

[2] The other cases are: (1) Witthauer v. McKesson Corporation, No. C 12-00343 LB; (2) Rice v. McKesson Corporation, No. C 12-00344 NC; (3) Posey v. McKesson Corporation, No. C 12-00346 MEJ; and (4) Keene v. McKesson Corporation, No. C 12-00347 LB (collectively, the "2012 Cases").

the Northern District of California on January 23, 2012, on the ground that the other cases "assert virtually identical causes of action, name the same lengthy list of companies as defendants, and seek identical relief" as in this case. (Motion to Relate at 1.)

Civil Local Rule 3-12(a) provides:

An action is related to another action when:

(1) The action concerns substantially the same parties, property, transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

Upon review, the Court finds that the 2012 Cases are related to this case. First, the Court finds that each of the 2012 Cases names the same Defendants as are named in this case.[3] Second, the Court finds that each of the 2012 Cases concerns substantially the same transactions or events as this case.[4] Finally, the Court finds that there will likely be an unduly burdensome duplication of labor if the 2012 Cases are not related to this case, insofar as Defendant Eli Lilly contends that it "intends to promptly seek transfer of [the 2012 Cases]" to the same Multidistrict Litigation Proceeding to which it has sought transfer of this case.[5] (Motion to Relate at 1.)

---

[3] (Compare Motion to Relate, Ex. A, Complaint for Damages, hereafter, "Freitas Complaint," Docket Item No. 27-1 (listing Defendants in this case, which include McKesson Corporation, Eli Lilly and Company, and a number of other pharmaceutical companies) with id., Exs. B-E, Docket Item Nos. 27-5, 27-7, 27-9 and 27-10 (listing Defendants in the 2012 Cases, which also include McKesson Corporation, Eli Lilly and Company, and the same pharmaceutical companies).)

[4] (See Freitas Complaint ¶ 1 (describing this case as a lawsuit which "concerns personal injury and death related to Plaintiffs' and Decedent's ingestion of prescription medication containing the active ingredient propoxyphene for treatment of mild to moderate pain, marketed and sold as generic and/or brand-name drugs under various names").) The Complaints in each of the 2012 Cases describe those cases in substantively identical terms. (See, e.g., Motion to Relate, Ex. B, Complaint for Damages in Rice v. McKesson Corporation ¶ 1, Docket Item No. 27-5 (describing that case as a lawsuit which "concerns personal injury related to Plaintiffs' ingestion of prescription medication containing the active ingredient propoxyphene for treatment of mild to moderate pain, marketed and sold as generic and/or brand-name drugs under various names").)

[5] (See Order Granting Defendant Eli Lilly's Motion to Stay; Denying as Premature Plaintiffs' Motion to Remand at 2-5, hereafter, "January 10 Order," Docket Item No. 25 (explaining that the MDL Panel has issued a Conditional Transfer Order transferring this action to MDL No. 2226).)

2

Accordingly, the Court GRANTS Defendant's Motion to Relate and ORDERS as follows:

(1) The Clerk shall immediately relate the following cases to Freitas v. McKesson Corporation, No. C 11-05967 JW:

    (a) Witthauer v. McKesson Corporation, No. C 12-00343 LB;

    (b) Rice v. McKesson Corporation, No. C 12-00344 NC;

    (c) Posey v. McKesson Corporation, No. C 12-00346 MEJ; and

    (d) Keene v. McKesson Corporation, No. C 12-00347 LB.

(2) The Court STAYS the 2012 Cases pending resolution of the MDL Panel proceedings regarding those cases.[6] As the Court explained in its January 10 Order, any party may move to lift the stay in any of the 2012 Cases within ten (10) days of the MDL Panel's final decision.[7] (Id.)

Dated: February 1, 2012

JAMES WARE  
United States District Chief Judge

---

[6] (See January 10 Order at 5.)

[7] In light of this Order, the Court DENIES as premature all pending Motions in the 2012 Cases.

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam Richard Salvas asalvas@seegersalvas.com
Christopher Patrick Norton christopher.norton@sedgwicklaw.com
Curtis Nelson Bruehl curtbrue@gmail.com
Elise Rochelle Sanguinetti sanguinetti@hinton-law.com
James Mark Neudecker jneudecker@reedsmith.com
Karen Elizabeth Woodward karen.woodward@sedgwicklaw.com
Richard Gordon Salkow rsalkow@salkowlaw.com

Dated: February 1, 2012                     Richard W. Wieking, Clerk

                                            By:   /s/ JW Chambers
                                                  **Susan Imbriani**
                                                  **Courtroom Deputy**