UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| IN RE: DARVOCET, DARVON AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION | Master File No. 2: 11-md-2226-DCR<br>MDL Docket No. 2226 |
| *Whitthauer, et al., v. McKesson Corporation., et al.,* | Civil Action No. 2: 12-132-DCR |
| *Rice, et al., v. McKesson Corp., et al.,* | Civil Action No. 2: 12-134-DCR |
| *Posey, et al., v. McKesson Corp., et al.,* | Civil Action No. 2: 12-135-DCR |
| | **MEMORANDUM ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Eli Lilly and Company ("Lilly") removed the above-referenced cases to federal court on the basis of diversity jurisdiction. In each Notice of Removal, Lilly acknowledged that complete diversity did not exist among all parties. It argued, however, that removal was proper because Defendants McKesson Corporation and Xanodyne Pharmaceuticals, Inc. were fraudulently joined. Lilly further asserted that certain non-diverse plaintiffs were fraudulently misjoined. The plaintiffs filed motions to remand, arguing that the non-diverse parties are properly joined and that the Court lacks subject matter jurisdiction. [MDL Record Nos. 2003, 2006 and 2012] In light of the Court's prior rulings and in the interest of judicial

FILED AND CERTIFIED
ROBERT R. CARR, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
Date: 8/7/2012
By: Linda Tierney
Deputy Clerk

economy, Lilly has indicated that it does not intend to file a response in opposition to the plaintiffs' motions.[1]

As this Court has noted with respect to similar motions, "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). A non-diverse defendant is fraudulently joined if there is no "reasonable basis" to expect that the plaintiff's claims against it could succeed under state law. *Id.* (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). Further, the burden of establishing fraudulent joinder is on the removing party. *Alexander*, 13 F.3d at 949. [*See* Record No. 2052]

Lilly initially argued that the plaintiffs' claims against McKesson could not succeed because: (1) prescription drug distributors are not subject to liability under the law of California (where this action was originally filed) and (2) the claims are preempted under the Supreme Court's holding in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011). However, the Court has rejected these arguments as well as the argument that the Kentucky-citizen plaintiffs are fraudulently misjoined. *See Freitas v. McKesson Corp.*, No. 2: 12-50-DCR, 2012 U.S. Dist. LEXIS 101955, at *11-20, *28-31 (E.D. Ky. July 17, 2012). Likewise, the factual allegations set forth in the Complaints appear to be sufficient under California's lenient pleading rules,

---

[1] In its notification to the Court, Lilly indicates that, by declining to file a response in opposition to the motions to remand, it does not state or imply that any of the arguments in favor of removal or arguments that could have been made in opposition to remand are invalid or factually or legally unsupportable. Likewise, it asserts that its position should not be viewed as a waiver should additional grounds for removal arise in the future.

which "'require . . . only general allegations of ultimate fact.'" *Id.* at *23 (quoting *McKell v. Wash. Mut., Inc.*, 49 Cal. Rptr. 3d 227, 238 (Cal. Ct. App. 2006)).

In summary, Lilly has not demonstrated that the citizenship of the non-diverse parties should be disregarded in these three cases. As a result, the Court lacks subject matter jurisdiction over these actions. Accordingly, it is hereby

**ORDERED** as follows:

(1) The plaintiffs' Motions to Remand for Lack of Subject Matter Jurisdiction [MDL Record Nos. 2003, 2006 and 2012] are **GRANTED**.

(2) The motion to dismiss filed by Xanodyne Pharmaceuticals, Inc. with respect to Civil Action Nos. 2: 12-132-DCR, 2: 12-134-DCR, and 2: 12-135-DCR [MDL Record No. 2001] is **DENIED**, without prejudice, as moot.

(3) The motion to dismiss for failure to state a claim filed by McKesson Corporation with respect to Civil Action Nos. 2: 12-132-DCR, 2: 12-134-DCR, and 2: 12-135-DCR [MDL Record No. 1975] is **DENIED**, without prejudice, as moot.

(4) These actions are **REMANDED** to the Superior Court of California, San Francisco County, and **STRICKEN** from this Court's docket.

This 7th day of August, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge